IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KM AG SERVICES, INC., | |
| Plaintiff, | 8:15-CV-409 |
| vs. | |
| ASI AG SERVICES, INC., a Minnesota Corporation, et al | MEMORANDUM AND ORDER |
| Defendants. | |

    This matter is before the Court on the motion for default judgment (filing 48) filed by the plaintiff, KM Ag Services, Inc. The Court will hold the plaintiff's motion in abeyance pending the submission of additional evidence.

## BACKGROUND

    The plaintiff's operative complaint alleges four theories of recovery arising out of the defendants' alleged failure to properly repair an air seeder. Filing 34. Specifically, the plaintiff alleges that it has a John Deere air seeder, and was contacted by an employee of defendant ASI Ag Services, Inc., who offered to assess the air seeder to see if ASI could retrofit it. Filing 34 at 2. The plaintiff and ASI agreed that the plaintiff would pay ASI $27,711.00 to retrofit the air seeder, and ASI guaranteed that its parts would operate for 5 years or 30,000 acres. Filing 34 at 2.

    But, the plaintiff alleges, ASI's parts and workmanship were deficient. Filing 34 at 2. So, the plaintiff alleges, ASI breached the contract. Filing 34 at 2. And, the plaintiff alleges, ASI breached "the implied duty to perform the work or services skillfully, carefully, diligently, and in a workmanlike manner." Filing 34 at 2. The plaintiff further alleges that ASI was negligent in its work. Filing 34 at 2. And finally, the plaintiff alleges that defendants Dennis DeNio and Adam Burkhardsmeier, owners and/or officers of ASI, were negligent in failing to properly train their employees and sending unqualified employees to do the work. Filing 34 at 1, 3. The plaintiff seeks damages for the money it paid to ASI, the cost of repairing the air seeder, and lost profits from the loss of use of the air seeder.

DISCUSSION

When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id*. Therefore, it is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. And then, even though the allegations of the plaintiff's complaint are admitted, *see id.*, it is still necessary for the Court to determine the plaintiff's damages based upon the evidence. *See,* Fed. R. Civ. P. 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

So, the task for the Court is, first, to consider the allegations of the complaint to ensure that the plaintiff has stated a legitimate cause of action with respect to each of its claims for relief. Then, the Court must consider whether the plaintiff's damages can be determined based on the evidence that has been presented in support of its motion.

CLAIMS FOR RELIEF

Under Nebraska law,[1] in order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Henriksen v. Gleason*, 643 N.W.2d 652, 658 (Neb. 2002). The plaintiff's allegations, as set forth above, clearly set forth the terms of the parties' agreement, and a breach of that agreement by failing to perform the required task. *See id*. The plaintiff alleges compliance with the only condition precedent in the agreement: payment of the agreed-upon sum. And the plaintiff alleges it was damaged. The plaintiff's complaint states a claim for breach of contract.

The plaintiff's second theory of recovery appears to be that ASI breached an implied warranty of workmanlike performance. But any such warranty is an implied term of the contract. *See Thurston v. Nelson*, 842 N.W.2d 631, 644 (Neb. Ct. App. 2014); *see also Pioneer Enterprises, Inc. v.*

---

[1] When neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits. *See BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003).

- 2 -

*Edens*, 345 N.W.2d 16, 18 (Neb. 1984). This claim is coextensive with the breach of contract claim, and need not be considered separately.[2]

The plaintiff's third theory of recovery is negligent performance of the agreement. But the economic loss doctrine precludes tort remedies where the damages caused were limited to economic losses and where the duty which was allegedly breached arose solely from the contractual relationship between the parties. *Lesiak*, 808 N.W.2d at 81. The plaintiff, therefore, cannot recover under a negligence theory for the amount it paid to ASI, or the profits it lost as a result of losing use of the air seeder.

The harder question is the cost of "repairing" the air seeder: damage to "other property"—that is, property other than the property that was sold pursuant to the contract—is not "economic loss." *Id.* at 83. And it is difficult to tell from the pleadings and evidence to what extent the repairs to the air seeder involved the goods that were sold by ASI, as opposed to damage done to the air seeder itself. But, again, such damages are coextensive with the plaintiff's breach of contract claim. So, the Court need not resolve this issue.

Finally, the plaintiff's remaining claim is another negligence claim, this time against DeNio and Burkhardsmeier. It is important to resolve this claim because it is the only one directed at DeNio and Burkhardsmeier, as opposed to ASI. And the Court finds that the plaintiff has failed to state a claim.

The plaintiff's claim is not merely a tort claim, sounding in law: it seeks to pierce ASI's corporate veil. The acts of "negligence" the plaintiff alleges are that DeNio and Burkhardsmeier failed to train their employees, and had unqualified employees performing the agreement—in other words, that they negligently performed their duties as officers or owners of ASI. And generally, a corporation is viewed as a complete and separate entity from its shareholders and officers, who are not, as a rule, liable for the debts and obligations of the corporation. *Christian v. Smith*, 759 N.W.2d 447, 462 (Neb. 2008).

Proceedings seeking disregard of corporate entity, that is, piercing the corporate veil to impose liability on a shareholder for a corporation's debt or other obligation, are equitable actions. *Id.* at 461. And a court will disregard a corporation's identity only where the corporation has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another. *Id.* at 462. A plaintiff seeking to pierce

---

[2] There is also some question whether a duty to perform in a workmanlike manner is implied in this context, given that no implied services warranty exists in a contract for agronomical services or goods under Nebraska law. *Lesiak v. Cent. Valley Ag Co-op., Inc.*, 808 N.W.2d 67, 79 (Neb. 2012). But it would be difficult to resolve that question without more specifics about the terms of the contract and its performance than are available from the pleadings.

the corporate veil must allege that the corporation was under the actual control of the shareholder and that the shareholder exercised such control to commit a fraud or other wrong in contravention of the plaintiff's rights. *Id.* The plaintiff must show that the corporate identity must be disregarded to prevent fraud or injustice to the plaintiff. *Id.* And a corporation's identity as a separate legal entity will be preserved, as a general rule, until sufficient reason to the contrary appears. *Id.*

But the plaintiff has alleged nothing here to suggest that disregarding the corporate identity is necessary. *See id.* (articulating relevant factors). In the absence of any such allegations, the plaintiff has not stated a claim for piercing the corporate veil to reach DeNio and Burkhardsmeier.

## DAMAGES

In a breach of contract case, the ultimate objective of a damages award is to put the injured party in the same position he or she would have occupied if the contract had been performed, that is, to make the injured party whole. *Ed Miller & Sons, Inc. v. Earl*, 502 N.W.2d 444, 450 (Neb. 1993). As a general rule, a party injured by a breach of contract is entitled to recover all damages which are reasonably certain and which are naturally expected to follow the breach. *Id.* at 451.

The damages sought by the plaintiff—the amount paid, the amount of the repair bill, and consequential damages—are appropriate to a breach of contract action. *See Bussell v. W. Diesel Power, Inc.*, 346 N.W.2d 394, 395 (Neb. 1984). But there are two problems with the plaintiff's evidence.

First, it appears that the plaintiff inadvertently failed to file the evidence it intended to present. The plaintiff's motion for default judgment represents that Exhibit 1 in support of the motion is "the Affidavit of Gabe Dix," setting forth the repair costs, and Exhibit 2 is "the Affidavit of Kynn Molzahn," setting forth the amount paid to ASI and the consequential damages. Filing 48 at 2-3. But filing 48-1 and filing 48-2 are identical: the plaintiff filed two copies of the Molzahn affidavit, and omitted the Dix affidavit. As a result, the Court has no evidence supporting the repair costs.

Second, the Molzahn affidavit, in support of consequential damages, simply represents that the plaintiff "was unable to plant 874 acres of crops resulting in lost profits of $16,606, less fuel expenses of $1.87 per acre, resulting in net lost revenue of $14,971.62." Filing 48-2 at 1. But that conclusion provides the Court with no foundation, such as the type of crop to be planted, the expected yield for the land, and the market price for the crop. And it is still the Court's duty to determine the plaintiff's damages from the evidence. *Brown*, 477 F.2d at 531. Exhaustive evidence is not required, but the Court must be provided with *some* basis to evaluate the plaintiff's

assertion of the profits lost as a result of the defendant's breach. *See Bristol v. Rasmussen*, 547 N.W.2d 120, 127-28 (Neb. 1996).

Accordingly, the Court is not in a position to fully determine damages on the evidence presented. On or before January 6, 2017, the plaintiff shall file a supplemental index addressing the omissions set forth above. In the meantime, because it does not appear that a hearing will be needed in this case, the currently-scheduled pretrial conference and trial will be cancelled.

IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 48) is held in abeyance.

2. The plaintiff shall submit additional evidence, as set forth above, on or before January 6, 2017.

3. The Clerk of the Court is directed to set a case management deadline of January 6, 2017, with the following docket text: Check for supplemental index in support of motion for default judgment.

4. The pretrial conference set for December 20, 2016, and the trial set to begin on January 2, 2017, are cancelled.

Dated this 12th day of December, 2016.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge